WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


RITA MARIE SALLISON, individually and as    )
Personal Representative for the Estate of          )
Kyilea Renee Swazer,                                        )
                                                                         )
                                          Plaintiff,              )
                                                                         )
             vs.                                                        )
                                                                         )
UNITED STATES OF AMERICA,                        )
                                                                         )          No. 3:17-cv-0051-HRH
                                          Defendant.          )
_____   )


O R D E R

Motion to Amend

        Plaintiff moves amend her complaint and to modify the scheduling and planning order

to allow such an amendment.[1]  This motion is opposed.[2]  Oral argument was not requested

and is not deemed necessary.

_____

        [1]Docket No. 23.  Plaintiff originally did not move to modify the scheduling order, but
in her supplemental briefing, plaintiff requests that her original motion to amend also be
treated as a de facto motion to amend the scheduling and planning order.  Docket No. 33 at
4.

        [2]Docket Nos. 28 and 34.

<u>Background</u>

In this Federal Tort Claims Act case, plaintiff Rita Marie Sallison ("Sallison"), individually and as personal representative for the estate of Kyilea Renee Swazer, seeks to amend her complaint to add Kenneth Swazer ("Swazer") as a plaintiff.

On April 11, 2014, Sallison was pregnant and went to the Alaska Native Medical Center (ANMC) when her labor began.[3] Sallison had "a previous cesarian section and was at increased risk of uterine rupture."[4] Sallison alleges that the providers at ANMC delayed performing a C-section and that by the time they did so, "her uterus had ruptured and the baby's head was outside of the uterus."[5] The baby, Kyilea Renee Swazer, was delivered but "survived only a few days. . . ."[6] Although not alleged in her complaint, Sallison contends that the C-section was done on April 13, 2014 and that Kyilea died on April 21, 2014. Swazer was Kyilea's father.

On April 4, 2016, Sallison and Swazer filed an administrative claim that they both signed.[7] On the same day, Sallison filed a separate administrative claim that only she

---

[3]Complaint for Personal Injuries and Wrongful Death/Medical Malpractice at 1, ¶ 5, Docket No. 1.

[4]<u>Id.</u> at 2, ¶ 5.

[5]<u>Id.</u> at 2, ¶ 8.

[6]<u>Id.</u> at 2, ¶ 10.

[7]Exhibit 1 at 1, Defendant's Opposition to Plaintiff's Motion to Amend Complaint, Docket No. 28.

signed.[8]  Both administrative claims contain the same allegations and state that Swazer was

Kyilea's father.[9]  Both administrative claims were denied on February 9, 2017.[10]

On March 10, 2017, Sallison commenced the instant action.  Sallison's complaint does

not name Swazer as a plaintiff but she does allege that both she and Kyilea's estate

"experienced pain and suffering and emotional distress, as did Ms. Swazer's father."[11]

Plaintiff now moves to modify the scheduling and planning order so that she may file

a motion to amend her complaint.  Plaintiff seeks to amend her complaint to add Swazer as

a plaintiff.[12]

## Discussion

The Scheduling and Planning Order in this case set a September 29, 2017 deadline for

motions to amend pleadings or add parties.[13]  A "party seeking to amend [a] pleading after

---

[8]Exhibit 2 at 1, Defendant's Opposition to Plaintiff's Motion to Amend Complaint, Docket No. 28.

[9]Exhibits 1 and 2, Defendant's Opposition to Plaintiff's Motion to Amend Complaint, Docket No. 28.

[10]Exhibit 3 at 1, Defendant's Opposition to Plaintiff's Motion to Amend Complaint, Docket No. 28.

[11]Complaint for Personal Injuries and Wrongful Death/Medical Malpractice at 2, ¶ 10, Docket No. 1.

[12]Plaintiff prematurely filed her amended complaint at Docket No. 25.  The court would note that in this amended complaint although plaintiff added Swazer as a plaintiff, she failed to request any relief on his behalf.

[13]Docket No. 20 at 6.

[the] date specified in [a] scheduling order must first show 'good cause' for amendment under Rule 16(b)[.]" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. "If that party was not diligent, the inquiry should end." Id.

Plaintiff does not argue that she has been diligent in seeking to modify the scheduling and planning order, presumably because she was plainly aware that Swazer had claims against defendant long before she filed the instant motion, as evidenced by the administrative claim she and Swazer signed on April 4, 2016. Plaintiff offers no explanation as to why Swazer was not included as a plaintiff when the complaint in this matter was first filed or why she could not have moved to amend her complaint to add him before the expiration of the deadline in the scheduling order. Instead, plaintiff argues that she has shown good cause because defendant was aware of Swazer's claims and because there will be no delay or inconvenience caused by allowing her to modify the scheduling and planning order. Plaintiff cites a number of district court cases in support of her "good cause" argument.

First, plaintiff cites to <u>Padilla v. Bechtel Construction Co.</u>, Case No. CV–06–286-PHX-LOA, 2007 WL 625927 (D. Ariz. Feb. 27, 2007). There, Padilla filed a motion to amend his complaint after the deadline set for such amendments in the scheduling and planning order had expired; and the court found good cause to modify the scheduling and planning order because Padilla had "been diligent in seeking amendment. . . ." <u>Id.</u> at *7. The court also noted, that unlike the situation in <u>Johnson</u>, Padilla's "failure to timely request a scheduling order amendment" had not "resulted from his own inaction." <u>Id.</u> The court did not find good cause for any of the reasons plaintiff advances here. Moreover, plaintiff's failure to timely request that the scheduling and planning order be modified is the result of her own inaction.

Plaintiff next cites to <u>Mytee Products, Inc. v. H.D. Products, Inc.</u>, Case No. 05-CV-2286 W(CAB), 2007 WL 4105713 (S.D. Cal. Nov. 16, 2007). There, the plaintiff moved to amend the scheduling and planning order to add an additional plaintiff and to drop a cause of action. <u>Id.</u> at *2. The court noted that "good cause can be found where the non-moving party is already on notice of the moving party's reasons for modifying the scheduling order." <u>Id.</u> Plaintiff argues here that defendant has been on notice that Swazer had claims against it and thus she argues that she has shown good cause. But, plaintiff ignores the fact that the court in <u>Mytee Products</u> found that the plaintiff had shown good cause to modify the scheduling order because it had been diligent in moving to do so. <u>Id.</u> at *3. The <u>Mytee</u>

Products court did not dispense with the diligence requirement as plaintiff appears to want the court to do here.

Plaintiff next cites to <u>Sousa ex rel. Will of Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan</u>, 252 F. Supp. 2d 1046 (E.D. Cal. 2002). There, on motion for summary judgment, defendants argued that the plaintiffs' ERISA claims were barred by the statute of limitations. <u>Id.</u> at 1054. The plaintiffs argued that the defendants waived their right to raise a statute of limitations defense because it was not an issue listed in the parties' scheduling order. <u>Id.</u> at 1057. The court determined that it could "easily" modify the scheduling order and that there was good cause to do so because the "[p]laintiffs have always been on notice about [the d]efendants' statute of limitations defense[.]" <u>Id.</u> at 1059. The court did not mention diligence. But in light of the Ninth Circuit authority that requires the court to consider the moving party's diligence when considering a motion to modify a scheduling order, this court is not persuaded that it could find good cause if plaintiff has not been diligent in moving to modify the scheduling and planning order, which she has not been.

Plaintiff next cites to <u>Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Trust,</u> Case No. 4:13–cv–00106–EJL–CWD, 2015 WL 759003 (D. Idaho Feb. 23, 2015). There, the court found that Pinnacle had been diligent in seeking to modify the case management order. <u>Id.</u> at *3-4. In addition, the court found that modifying the case management order "would not cause undue prejudice to Dewsnup or create meaningful case

management issues." Id. at *3. Similarly, plaintiff argues that modifying the scheduling and planning order in this case would not create any meaningful case management issues. But, plaintiff ignores the fact that the Pinnacle court first considered whether Pinnacle had been diligent in seeking to modify the case management order. If plaintiff cannot show that she has been diligent, it does not matter whether modifying the scheduling and planning order would or would not create meaningful case management issues.

Finally, plaintiff cites to one Ninth Circuit case in support of her "good cause" argument. In C.F. ex rel. Farnan v. Capistrano Unified School District, 654 F.3d 975, 984 (9th Cir. 2011), the Ninth Circuit considered whether the district court had abused its discretion in granting Corbett's motion to amend the scheduling order. The Ninth Circuit explained that "'the focus of the inquiry is upon the moving party's reasons for seeking modification.'" Id. (quoting Johnson, 975 F.2d at 609). The Ninth Circuit found that Corbett's motion to amend the scheduling order had not been brought in bad faith or for the purpose of delay and that he had been diligent in seeking leave to amend. Id. The Ninth Circuit "appreciate[d] that the prejudice to Corbett from a failure to modify the order likely would be substantial" and "credit[ed] the district court's determination that the amendment 'created no meaningful case management issues' and did not 'infringe[ ] on the efficient adjudication' of the litigation[,]" primarily because no additional discovery would be necessary. Id. But, the Ninth Circuit did not dispense with the requirement that the moving party had to have been diligent in moving to amend the scheduling order. Here, plaintiff has

not been diligent in moving to modify the scheduling and planning order and that is the end of the inquiry.

This may seem like a harsh result. But, as the Ninth Circuit has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions. . . .

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005).

### Conclusion

Based on the foregoing, plaintiff's motion to amend is denied. Plaintiff's amended complaint that was filed at Docket No. 25 is stricken.

DATED at Anchorage, Alaska, this 18th day of April, 2018.

/s/ H. Russel Holland
United States District Judge